IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH RICHARDS,

        Plaintiff,

v.                                          CIVIL ACTION NO.  2:19-cv-00397

WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES, et al.,

        Defendants.

**ORDER**

Pending before the Court are Plaintiff Kenneth Richards ("Plaintiff") and Defendants West Virginia Department of Health and Human Resources ("DHHR") and Bill Crouch's Joint Motion for Class Certification, Preliminary & Final Approval of Class Action Settlement, and Notice to the Class, (ECF No. 47), and Joint Motion to Approve Attorney Fees, (ECF No. 48). As set forth in their joint motion, the parties have reached a proposed settlement of all claims in this matter, that includes certification of the proposed class, and implementation of policies, procedures, and training of DHHR personnel with regard to the provision of reasonable accommodations to individuals with qualifying disabilities under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The parties' agreement further provides for payment to counsel for the Plaintiff Class for a reasonable award of attorney fees and costs. Additionally, the parties have jointly moved this Court to approve a notice to the class and set a date for a fairness hearing to

provide class members with an opportunity to voice any objections to the proposed settlement prior to final approval by this Court.

Rule 23 of the Federal Rules of Civil Procedure, which governs the certification of class actions, provides, in pertinent part, that

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Further, class actions may be maintained only if Rule 23(a) is satisfied and if, *inter alia*, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The parties have shown that each of these requirements has been met in this case. First, with respect to Rule 23(a), the parties have stipulated that the class members are so numerous such that joinder of all of them would be impracticable. (ECF No. 47 at 12.) DHHR serves numerous individuals with disabilities who, like Plaintiff, require reasonable accommodations to benefit from their programs and services. (*Id.*) Second, there is sufficient commonality of the questions of law and fact between class members. DHHR's uniform policies and procedures for considering and providing reasonable accommodations are at issue in this case, and they remain the same when applied to individual class members, regardless of their specific needs. (*Id.*) Third, Plaintiff's claims here are typical of the claims of the class in that his interests are the same as the interests

of class members in seeking relief for the same legal injuries. (*Id.* at 13.) Finally, the parties have stipulated that Plaintiff has fairly and adequately represented and protected the interests of the class as a whole. (*Id.*)

Next, with respect to Rule 23(b), the parties suggest that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." (*Id.* at 10.) The Court agrees. Plaintiff seeks solely declaratory and injunctive relief in this civil action. In his Class Action Complaint, Plaintiff sought to require Defendants to adopt and implement new state-wide procedures and standards complying with federal law, to assure disabled individuals a meaningful, reliable, and lawful opportunity to obtain reasonable accommodation in Defendants' operation of West Virginia's publicly funded benefit program. (*Id.* at 3.)

Accordingly, because the requirements for class certification under Rules 23(a) and 23(b) have been met, the Court **GRANTS** the parties joint motion insofar as it seeks certification of the proposed class. The Court **CERTIFIES** this case as a class action pursuant to Rule 23(b)(2). The Court certifies the following class:

> All individuals with a disability who at any time on or after May 15, 2017 (i) were or will be applicants for or recipients of any joint federal/state-funded public benefit program administered by DHHR, and (ii) who need modification of a DHHR or contractor program, policy, practice, standard, rule, or procedure to have meaningful access to or equal opportunity to obtain or participate in that program's assistance, services, or activities.

The Court **APPOINTS** Plaintiff Kenneth Richards as class representative. Further, pursuant to Rule 23(g), the Court **APPOINTS** attorneys Lydia C. Milnes, Bren J. Pomponio, Gary M. Smith, and the law firm of Mountain State Justice to serve as class counsel.

Upon submission of a proposed class action settlement, Rule 23(e) of the Federal Rules of Civil Procedure requires the Court to

>   direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for the purposes of judgment on the proposal.

Fed. R. Civ. P. 23(e)(1). Rule 23(e)(2) provides procedural protections for class members "[i]f the proposal would bind class members." In such an instance, a court must conduct a hearing and may only approve the settlement "on finding that it is fair, reasonable, and adequate." *Id.* Several factors must be considered: (1) whether the class representatives and class counsel have adequately represented the class; (2) whether the proposal was negotiated at arm's length; (3) whether the relief provided for the class is adequate; (4) and whether the proposal treats class members equitably relative to each other. *Id.*

Preliminary approval of the proposed class action settlement is appropriate here because the applicable Rule 23(e)(2) factors have been met. Plaintiff and his counsel have adequately represented the class and its interests. The class action settlement was negotiated at arm's length. The relief provided for in the class action settlement is adequate, and it treats all putative class members equitably relative to one another. Therefore, the Court **PRELIMINARILY GRANTS** the parties' joint motion insofar as it seeks approval of the proposed class action settlement, subject to final approval by this Court after a fairness hearing. Further, the Court **APPROVES** the method of notice provided for in the parties' joint motion, which has been attached to this Order as Exhibit A, and **ORDERS** that said proposed notice be published to the class as follows:

>   Within fourteen days of the entry of this Order, DHHR will:
>
>>   (1) post the notice on its website, in conspicuous and easily accessible location(s), as to make the notice visible to all class members who visit the website during the notice period; and
>>
>>   (2) post the notice in a conspicuous and easily accessible location in the applicant/recipient waiting rooms of each physical DHHR office.

The Court further **ORDERS** that any comments regarding the fairness of the settlement must be submitted on or before, **November 25, 2022**, and that any response by the parties must be submitted on or before, **December 23, 2022**. The Court will conduct a fairness hearing on the proposed class action settlement on **January 3, 2023,** at **10:00 am** at the **Robert C. Byrd United States Courthouse**, located at **300 Virginia Street, East, Charleston, West Virginia 25301**. The Court will also take up the parties' Joint Motion to Approve Attorney Fees, (ECF No. 48), at that time. The Court **DIRECTS** counsel for all parties to appear at the fairness hearing, prepared to address any objections received by class members during the notice period.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  October 6, 2022

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE